

ORIGINAL

JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

CHRISTIAN P. PORTER
BROOKS TOM PORTER & QUITIQUIT, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii 96813
Telephone:  (808) 526-3011
Facsimile:  (808) 523-1171
email: cporter@btpqlaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 29 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BENJAMIN M. NARVAES and ELENA V. NARVAES, <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., NICHOLE K. BUENDIA, BLAKE SATO, IVONNE MACHADO and 808 HOME MORTGAGE, INC. <br><br> Defendants. | CIVIL NO. CV08-00584 HG KSC <br><br> COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; EXHIBITS "A"; SUMMONS; |

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COME NOW Plaintiffs, by and through their undersigned attorney and allege as follows:

INTRODUCTION

1.  This Complaint is filed and these proceedings are instituted under the "Truth in Lending Act" 15 U.S.C. Section 1601,

et seq., to rescind, recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendants' violations of that Act and the Regulations adopted pursuant thereto published at 12 C.F.R. § 226, commonly known as Regulation Z. Plaintiffs seek actual and statutory damages arising out of Defendants' misrepresentations and improper disclosures.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1640(e) and 28 U.S.C.A. Sections 1331, 1332 and 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapter 480 of the Hawaii Revised Statutes. Jurisdiction of the state claim is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiffs are natural persons and are residents and citizens of the State of Hawaii.

4. Defendants Wells Fargo Bank, N.A. (hereinafter "Wells") is a national bank doing business in the State of Hawaii.

5. Blake Sato (hereinafter "Sato"), Ivonne Machado (hereinafter "Machado") and Nicole Buendia (hereinafter "Buendia") are individuals and natural persons and are residents of the State

of Hawaii, and all were employees and/or agents of 808 Home Mortgage, Inc. (hereinafter "808") during all times relevant herein. Sato was the principal broker of 808 and was the supervisor of Machado and Buendia during all times relevant herein.

6. Sato, Machado, Buendia and 808 were all dual agents for both Plaintiffs and Fremont Investment & Loan (hereinafter "Fremont") at all relevant times herein.

FACTS

7. Within the year prior to the filing of this action, Defendant Wells, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed and/or accepted assignment of such consumer debt.

8. Prior to November 22, 2006, Buendia approached Plaintiffs and represented herself as a mortgage solicitor and/or mortgage broker representing both the broker and Fremont, the original lender of the subject mortgage loan herein.

9. Buendia told Plaintiffs that she could assist them with refinancing their home at an initial rate of 8.8% for six months and that she would then further refinance the $650,000.00 mortgage to a fixed rate loan at a rate between 5.5% and 5.875% for a 30 year period with monthly payments of approximately $2800.00.

10. In reliance on those promises and representations, Plaintiffs agreed. Plaintiffs reasonably relied on those promises

and representations and were justified in their reliance.

11.   Buendia brought closing documents to Plaintiffs' home and had Plaintiffs sign those documents at their home on or about November 22, 2006.

12.   None of the documents were signed before a notary public and no notary book was signed by Plaintiffs.

13.   On or about November 22, 2006, Plaintiffs entered into that loan transaction with Fremont.

14.   Buendia did not explain any of the documents to Plaintiffs nor did Plaintiffs receive copies of any documents that they signed.

15.   The only people present at the closing were Plaintiffs and Buendia.  Machado was not present and Plaintiffs did not sign any documents in the presence of Machado.

16.   Machado notarized the documents the following day without ever meeting or speaking with Plaintiffs.

17.   Prior to the elapse of six months after the closing, Plaintiffs attempted to contact Buendia to refinance their loan as promised, but Buendia did not return their calls.

18.   In middle July of 2007, Plaintiffs received a letter dated July 13, 2007 from Fidelity National Title with an enclosed Final HUD-1 and a recorded copy of the mortgage.  These were the only documents Plaintiffs have ever received regarding this transaction.

19.   At that time, Plaintiffs first learned that a brokerage fee of 2.5466% was paid to 808 in the amount of $16,553.00, and that an appraisal fee of $520.00 had been reimbursed to 808 even though Plaintiffs had paid Buendia $550.00 for the appraisal.

20.   Plaintiffs also discovered for the first time that the was a prepayment penalty of $22,000.00 in connection with this loan.

21.   Upon information and belief, Sato was specifically warned not to work with Buendia long before November 22, 2006.

22.   The above debt was incurred primarily for personal, family, or household purposes.

23.   The above indebtedness was secured by a mortgage on Plaintiffs' principal residence.

24.   Upon information and belief, Defendant Wells is the present owner and holder of the above described note and mortgage.

25.   On November 9, 2007, Plaintiffs, through their counsel, via certified mail, sent a letter to Fremont which stated that Plaintiffs were rescinding the above described loan.

26.   On December 11, 2007, Fremont sent a letter to Plaintiffs' counsel stating that it could not provide any information without prior written consent of the borrowers.

27. On December 12, 2007, Plaintiffs, through their counsel, sent a letter to EMC Mortgage Corporation, stating that Plaintiffs were rescinding the above described loan.

28. EMC declined rescission and threatened to foreclose immediately upon Plaintiffs' home as per its letters of December 11 and 20, 2007.

29. In middle December, 2008, Plaintiffs learned that Wells is the present owner of the subject mortgage loan, and on December 18, 2008, sent a letter to Wells rescinding that transaction. A true copy of that letter is attached hereto as Exhibit "A".

30. Plaintiffs again hereby rescind the above-described loan, and all other transactions they had or have with each Defendant.

31. Plaintiffs will be irretrievably harmed if Defendants refuse to rescind the loan and proceed with collection of the loan and/or foreclosure upon their home.

<u>COUNT I</u>

32. Plaintiffs reallege and incorporate paragraphs 1 through 31 of this Complaint.

33. The Defendant Wells has violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner one or more of the following:

(a)   the Annual Percentage Rate,

(b)   the Finance Charge,

(c)   the Amount Financed,

(d)   the Total of Payments and Payment Schedule,

(e)   the Security Interest,

(f)   the Notice of Right To Rescind, and

(g)   by failing to honor Plaintiffs' rescission request to rescind the loan transaction.

34.   Plaintiffs have suffered serious personal as well as pecuniary injury and emotional harm as a result of Defendant Wells' actions as described above.

## COUNT II

35.   Plaintiffs reallege and incorporate paragraphs 1 through 34 of this Complaint.

36.   Defendants have violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

37.   Defendants' violations of the Truth in Lending Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

38.   The false representations as to the terms of the loan, the ability to refinance the loan, the failure to give documents timely, the charges and disclosure of those charges and terms in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiffs as consumers, in violation of

H.R.S. Chapter 480.

39.   Defendants' failure to give to Plaintiffs a Notice of Right to Cancel is unfair and deceptive, in violation of H.R.S. Chapter 480.

40.   Defendant Wells' refusal to honor Plaintiffs' rescission is unfair and deceptive, and is a separate violation of HRS §480-2.

41.   As a result, Plaintiffs have suffered injury to their property in an amount to be proved at trial, and are entitled to, among other things, rescission, treble damages, interest and attorneys' fees and costs.

WHEREFORE, Plaintiffs pray that the Court:

AS TO COUNT I

1.   Award Plaintiffs their actual damages as will be proved at trial along with $2000.00 statutory damages;

2.   Enjoin Defendants from taking any action in furtherance of pursuing, by collection, foreclosure or otherwise, their security interest in the subject property;

3.   Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and order Defendants immediately to return to Plaintiffs all finance charges paid pursuant to that credit transaction, and direct that Plaintiffs have no further obligation of payment to Defendants, their servicer or their agents.

4.   Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

5.   Order Defendants to delete any adverse information regarding Plaintiffs that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

AS TO COUNT II

6.   Award Plaintiffs damages in the amount of three times the injury to their property, but not less than $1,000.00 each;

7.   Declare the above transaction null and void.

8.   Award rescission of the transaction, rescission of all security interests relating to Plaintiffs' property, and direct that Plaintiffs have no further obligation of payment to Defendants.

9.   Order Defendants to cause a Satisfaction of Mortgage to be filed with the Bureau of Conveyances, State of Hawaii regarding the mortgage described above.

10.   Order Defendants to delete any adverse information regarding Plaintiffs that they have reported to any consumer (credit) reporting agency; and enjoin Defendants from making, in the future, any adverse consumer report regarding Plaintiffs to anyone.

AS TO ALL COUNTS

11.  Declare Defendants' security interest in the subject property void, and enjoin Defendants from taking any action towards collection of the loan and/or foreclosure of their security interest in the subject property;

12.  Award Plaintiffs their attorneys' fees and costs of Court.

13.  Award Plaintiffs such other and further relief as the Court deems appropriate.

DATED:  Honolulu, Hawaii, _December 29, 2008_____ .


_____
JOHN HARRIS PAER
CHRISTIAN P. PORTER
Attorneys for Plaintiffs